UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
(at Lexington)

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| Plaintiff, | ) ) ) | Criminal Action No. 5: 18-133-DCR |
| V. | ) ) | |
| KEVIN S. ABNEY, | ) ) | **MEMORANDUM OPINION AND ORDER** |
| Defendant. | ) ) | |

\*\*\*\*   \*\*\*\*   \*\*\*\*   \*\*\*\*

Defendant Kevin Abney has submitted a motion requesting appointment of counsel and a sentence reduction pursuant to 18 U.S.C. § 3582(c)(1)(A). [Record No. 54] In 2018, he pleaded guilty to one count of possession with intent to distribute fentanyl in violation of 21 U.S.C. § 841(a)(1); one count of possession of a firearm in furtherance of a drug trafficking crime in violation of 18 U.S.C. § 924(c)(1)(A); and one count of being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1). [Record No. 17] He was sentenced to 240 months' of imprisonment, to be followed by a five-year term of supervised release. [Record No. 26]

Abney now requests compassionate release. In support, he alleges that he suffers from hypertension, "a blockage in [his] heart," sleep apnea, blood clots, and severe obesity. [Record No. 54, p. 1] Because these conditions place him at risk for severe illness if he contracts COVID-19, he argues that they constitute "extraordinary and compelling reasons." [*Id.* at 1–2] Abney also argues that the ongoing COVID-19 pandemic "changes the [18 U.S.C. §]

3553(a) factors punishment analysis," and that he is no longer a danger to the community. However, he has not submitted evidence to support these assertions.

# I.

As an initial matter, Abney's request for counsel will be denied. "No constitutional or statutory right to counsel exists for filing motions under 18 U.S.C. § 3582." *United States v. Clark*, No. 6: 07-013-DCR, 2019 WL 7161209, at *2 (E.D. Ky. Feb. 14, 2019) (citing *United States v. Webb*, 565 F.3d 789 (11th Cir. 2009) (collecting cases)). Instead, the decision to appoint counsel is within the Court's discretion, but appointment of counsel is unnecessary where the issues raised in a § 3582 motion "are straightforward and resolvable upon review of the record." *Id.* Abney's claim (i.e., that the risks associated with the COVID-19 pandemic justify a sentence reduction) is straightforward and resolvable upon review of the record.

# II.

Abney's compassionate-release motion also will be denied. Section 3582(c)(1)(A) empowers a sentencing court to grant a sentence reduction when "three substantive requirements" are satisfied. *United States v. Ruffin*, 98 F.3d 1000, 1004 (6th Cir. 2020).[1] These include whether: (1) "extraordinary and compelling reasons' warrant a reduction"; (2) "the reduction is consistent with the applicable policy statements issued by the Sentencing

---

[1] A prisoner may file a motion for a sentence reduction "after he has 'fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the [prisoner]'s behalf' or after 'the lapse of 30 days from the receipt of such a request by the warden of the [prisoner]'s facility, whichever is earlier." *United States v. Alam*, 960 F.3d 831, 832 (6th Cir. 2020) (alterations in original) (quoting 18 U.S.C. § 3582(c)(1)(A)). Abney has submitted evidence that his warden denied his request on September 29, 2020, and this motion was filed on December 6, 2020. [Record Nos. 54-1, p. 1; 54, p. 4] Thus, the Court will address his motion on the merits.

Commission"; and (3) "the [18 U.S.C.] § 3553(a) factors, to the extent they apply, support the reduction." *United States v. Brummett*, No. 20-5626, 2020 WL 5525871 (6th Cir. Aug. 19, 2020). However, the second requirement is not applicable to motions filed by inmates. *See United States v. Jones*, No. 20-3701, --- F. 3d ---, 2020 WL 6817488, at *7 (6th Cir. Nov. 20, 2020). Accordingly, the Court will evaluate whether Abney has satisfied the first and third requirements.

Although not mandated, this Court utilizes the framework provided by the application notes to Section 1B1.13 of the United States Sentencing Guidelines in considering whether a defendant has shown "extraordinary and compelling reasons" for compassionate release. As relevant to Abney's claims, the section provides:

> (A) **Medical Condition of the Defendant.**—
> (i) The defendant is suffering from a terminal illness (*i.e.*, a serious and advanced illness with an end of life trajectory). A specific prognosis of life expectancy (*i.e.*, a probability of death within a specific time period) is not required. Examples include metastatic solid-tumor cancer, amyotrophic lateral sclerosis (ALS), end-stage organ disease, and advanced dementia.
> (ii) The defendant is—
> > (I) suffering from a serious physical or medical condition,
> > (II) suffering from a serious functional or cognitive impairment, or
> > (III) experiencing deteriorating physical or mental health because of the aging process,
>
> that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover.

U.S.S.G. § 1B1.13 n.1(A). Under this definition, an inmate must demonstrate a medical condition so serious that it cannot be adequately addressed in BOP custody.

Abney contends that he suffers from "high blood pressure, heart blockage, obesity, and sleep apnea," although he includes no medical records in support. [Record No. 54, p. 2]

However, his presentence report and the record at sentencing confirm that he has been diagnosed with some of these conditions in the past. [Record No. 38, pp. 33–34] If Abney continues to suffer from these conditions, he is correct that he is part of a higher-risk category for COVID-19.[2] However, he argues that if he "contracted COVID-19 it would be a death sentence." [Record No. 54, p. 3]

Despite these claims, Abney has offered no evidence to show that he cannot manage his conditions within his facility. Rather, he asks the Court to conclude that the risk of a potential, *future* illness alone is "extraordinary and compelling." But FCI Butner Medium II—the facility of 1,383 inmates[3] where Anderson is housed—currently has zero active cases, and 14 inmates and 4 staff have recovered.[4] Abney's concerns are legitimate, but the BOP's preventative measures are sufficient to address them. Accordingly, the Court declines to expand the definition of "extraordinary and compelling reasons" to include Abney's circumstances.

But even if he could demonstrate "extraordinary and compelling reasons," Abney's original sentence is supported by the relevant sentencing factors in 18 U.S.C. § 3553(a). Those

---

[2] *People with Certain Medical Conditions*, CENTERS FOR DISEASE CONTROL AND PREVENTION, https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html (updated December 1, 2020).

[3] *FCI Butner Medium II*, FEDERAL BUREAU OF PRISONS, https://www.bop.gov/locations/institutions/btf (last visited December 17, 2020).

[4] *COVID-19*, FEDERAL BUREAU OF PRISONS, https://www.bop.gov/coronavirus (last updated December 18, 2020). Estill County—where Abney says he will reside if released—currently averages 51.6 cases per 100,000 population every day. *See COVID-19 Current Incidence Rate in Kentucky*, KENTUCKY DEPARTMENT FOR PUBLIC HEALTH, https://chfs.ky.gov/agencies/dph/covid19/ThursdayRedCounties.pdf (last updated December 17, 2020).

factors include "the nature of the offense, the characteristics of the defendant, and numerous penological objectives." *Jones*, 2020 WL 6817488, at *11. Abney's sole argument under these factors (i.e., that his medical conditions warrant a lower sentence) does not change this analysis. The Court was aware of Abney's health conditions at the original sentencing hearing and determined that BOP custody was appropriate to address his medical needs. [Record No. 38, pp. 36, 39]

Other factors also continue to support the original sentence. At sentencing, the Court found that Abney's "significant criminal history" supported "a high sentence." [*Id.* at 35] This sentence "provid[ed] deterrence for the defendant, and will provide protection to the public . . . from future offenses." [*Id.* at 37] And because of his serious criminal history, Abney's conviction for possession of a firearm by a convicted felon was subject to a mandatory minimum penalty under 18 U.S.C § 924(e)(1), a policy choice that the Court declines to disregard. However, the Court found that, "even without those limitations," Abney's sentence "would be appropriate under the facts presented in this particular case." [*Id.* at 38] Those facts have not changed. Abney's original sentence remains sufficient but not greater than necessary to accomplish the goals of sentencing. Accordingly, it is hereby

**ORDERED** that Defendant Abney's motion for appointment of counsel and a sentence reduction [Record No. 54] is **DENIED**.

- 6 -

Dated:  December 21, 2020.

*Danny C. Reeves, Chief Judge*
United States District Court
Eastern District of Kentucky