UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
(at Lexington)

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | Criminal Action No. 5: 18-133-DCR |
| Plaintiff/Respondent, ) | and |
| ) | Civil Action No. 5: 24-076-DCR |
| V. ) | |
| ) | |
| KEVIN S. ABNEY, ) | **MEMORANDUM OPINION** |
| ) | **AND ORDER** |
| Defendant/Movant. ) | |

\*\*\* \*\*\* \*\*\* \*\*\*

Defendant Kevin Abney has filed a motion to vacate, correct, or set aside his sentence under 28 U.S.C. § 2255. [Record No. 73] Magistrate Judge Edward B. Atkins directed Abney to amend his § 2255 petition and refile it on a correct form. Abney then filed the amended petition on April 18, 2024. [Record No. 77] Following the United States' response [Record No. 80], Abney sought leave to amend his § 2255 petition to add an additional argument [Record No. 82] and the United States then responded to the new argument. [Record No. 84]

Consistent with local practice, the matter was referred to United States Magistrate Judge Atkins for preparation of a Report and Recommendation ("R & R"). Following briefing by the parties, Judge Atkins issued a R & R, recommending that Abney's motion be denied.

Abney has filed objections to the R & R [Record No. 91] which the undersigned has reviewed *de novo*. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3); *Thomas v. Arn*, 474 U.S. 140, 153 (1985) (noting that the district court is not required to review the magistrate judge's conclusions in the absence of objections). Having reviewed Abney's petition *de novo*,

the Court agrees with the magistrate judge's recommendation that Abney's motion is without merit and should be denied.

Abney bears the burden of establishing that (1) his conviction resulted from an error of constitutional magnitude; (2) his sentence was imposed outside the statutory limits; or (3) an error of fact or law occurred that was so fundamental as to render the entire proceeding invalid. *Mallet v. United States*, 334 F.3d 491, 496-97 (6th Cir. 2003). The Court must also address whether the motion has been filed timely. *Daniels v. United States*, 532 U.S. 374, 381 (2001). Under the Antiterrorism and Effective Death Penalty Act, "state and federal prisoners have a one-year limitations period in which to file a habeas corpus petition." *Johnson v. United States*, 457 F. App'x 462, 464 (6th Cir. 2012). Specifically, under § 2255(f), when the matter involves an assertion of newly recognized rights, the defendant must bring his claims within one year from "the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review." § 2255(f).

Abney raises several arguments regarding why the Court should grant his motion. Abney first argues that, in light of *United States v. Davis*, 588 U.S. 445 (2019), his prior convictions for complicity in committing robbery no longer qualify as predicate offenses for enhanced sentencing under the Armed Career Criminal Act. Therefore, he asserts that he is entitled to immediate vacatur and resentencing. Alternatively, Abney contends that, in light of *United States v. Wooden*, 595 U.S. 360 (2022), his three prior convictions should only be counted as one. Finally, Abney asserts that under *Erlinger v. United States*, 144 S. Ct. 1840 (2024), because the Supreme Court found that the Armed Career Criminal Act's direct

occasions requirement must be determined by a jury and not a judge, and because that did not happen in his case, he is entitled to resentencing. [Record Nos. 82, 88].

The United States asks this Court to deny Abney's motion because his first two arguments are untimely. Further, it contends that Abney waived the right to collaterally attack his conviction and sentence. [Record No. 80] In response to Abney's later argument (i.e., that he is entitled to resentencing under *Erlinger*), the United States contends that Abney waived his right to collaterally challenge his sentence and that *Erlinger* does not apply retroactively on collateral review because it only alters procedural (not substantive) rights.

**1. Abney has Exercised All Available Rights Under his Plea Agreement.**

Abney plead guilty to possessing with intent to distribute fentanyl in violation of 21 U.S.C. § 841(a)(1), possessing a firearm in furtherance of a drug trafficking crime in violation of 18 U.S.C. § 924(c)(1)(A), and possessing a firearm following a felony conviction in violation of 18 U.S.C. § 922(g)(1). [Record No. 17, ¶¶ 1, 4] Because Abney had three prior convictions for violent felonies or serious drug offenses, committed on different occasions, he was designated as an Armed Career Criminal. Through his plea agreement, Abney reserved the right to challenge on direct appeal his Armed Career Criminal designation and sentence but waived the "right to attack collaterally the guilty plea, conviction, and sentence." [Record No. 17] Abney appealed his sentence to the United States Court of Appeals for the Sixth Circuit, arguing his first-degree robbery convictions did not "render him an armed career criminal because those convictions arise from a single offense." *United States v. Abney*, 817 F. App'x 185, 186 (6th Cir. 2020). However, the Sixth Circuit affirmed this Court's judgment. Abney's sought further review, but his petition to the Supreme Court was denied on January 25, 2021. [Record No. 56] Based on the foregoing, Abney exercised his right to directly appeal

his sentence and he is unable to further challenge his status as an Armed Career Criminal through a collateral proceeding under 28 U.S.C. § 2255.

2. **Abney's Petition Seeking to Challenge his Conviction under *United States v. Davis* and *United States v. Wooden* is Time-Barred.**

Abney filed his motion to vacate his sentence pursuant to 28 U.S.C. § 2255 based on recent changes in case law. Under § 2255(f), prisoners may bring claims within one year from "the date on which the right asserted was initially recognized by the Supreme Court, if that right has been new recognized by the Supreme Court and made retroactively applicable to cases on collateral review." § 2255(f). Here, Abney's argument that he is entitled to resentencing based *Davis* and *Wooden* fails because his petition is untimely.

*United States v. Davis*, 588 U.S. 445 (2019), was decided over five years ago (June 24, 2019), while *United States v. Wooden*, 595 U.S. 360 (2022), was decided over two years ago (March 7, 2022). Abney did not file his initial motion until April 18, 2024, [Record No. 77] after the one-year deadline to file a motion and, as such, it is untimely and cannot be considered. *See e.g. United States v. Kelley*, Criminal Action No. 2: 12-016-DCR, 2020 WL 3520276, at *2 (E.D. Ky June 29, 2020) (finding motion filed one day after one-year deadline under § 2255(f)(3) was untimely). Accordingly, Abney cannot pursue his claims under *Davis* and *Wooden* in through a motion under § 2255.

3. **Abney Cannot Pursue his Claims Based on Equitable Tolling.**

Equitable tolling permits review of time-barred motions under § 2255 in situations where a litigant's "failure to meet a legally-mandated deadline unavoidably arose from circumstances beyond that litigant." *Robinson v. Easterling*, 424 F. App'x 439, 442 (6th Cir. 2011), *cert. denied*, 565 U.S. 964 (2011) (quoting *Robertson v. Simpson*, 624 F.3d 781, 783

(6th Cir, 2010)). A petitioner "bears the burden of demonstrating that he is entitled to equitable tolling." *McClendon v. Sherman*, 329 F.3d 490, 494 (6th Cir. 2003). And to show that a movant is entitled to equitable tolling, he must demonstrate: "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005).

Abney does not argue that he is entitled to equitable tolling but even if he had properly raised the issue, nothing in the record indicates that extraordinary circumstances prevented him from pursuing his rights diligently.

**4. Abney's Claim Under *Erlinger v. United States* Fails on the Merits.**

Abney's claim for relief under *Erlinger v. United States*, 144 S. Ct. 1840 (2024), is not barred by the statute of limitations, but it nevertheless fails because the defendant waived his right to collaterally attack his conviction and because *Erlinger* does not apply retroactively. As previously discussed, a defendant may waive a constitutional right "by means of a plea agreement." *United States v. Griffin*, 854 F.3d 911, 914 (6th Cir. 2017). And in this case, Abney knowingly and voluntarily waived these rights; therefore, he may not collaterally attack his conviction.

But even if Abney had not waived the right to attack his conviction, the defendant would still fail on his claim because *Erlinger* does not apply retroactively. Abney claims that, under *Erlinger*, the direct occasions requirement needs to be determined by a jury, not a judge. And because that did not happen in this case, he argues that he is entitled to resentencing. [Record Nos. 82, 88] However, the holding in *Erlinger* constitutes a new procedural rule. It does not change the range of conduct or the class of person who is punished under a specific law. The Supreme Court has held that "new procedural rules do not apply retroactively on

federal collateral review." *Edwards v. Vannoy*, 593 U.S. 255, 276 (2021). The question of whether a jury or a judge must make a given determination is a procedural rule. *Schriro v. Summerlin*, 542 U.S. 348, 353 (2004). As such, the holding in *Erlinger* is procedural and does not apply retroactively.

### 5. This Court will not Issue a Certificate of Appealability

For a Court to issue a Certificate of Appealability, a movant must demonstrate that "reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *Miller-El v. Cockrell*, 537 U.S. 322 (2003). Here, a reasonable jurist would not find this Court's assessment of Abney's claims to be incorrect. Reasonable jurists would not find the Court's conclusions that Abney failed to timely file his § 2255 and that he is otherwise not entitled to resentencing under *Erlinger* to be debatable or wrong. Further, the holding in *Erlinger* is a procedural rule and does not apply retroactively on federal collateral review. Thus, this Court declines to issue a Certificate of Appealability on any issue. Accordingly, it is hereby

**ORDERED** as follows:

1. Defendant/movant Kevin Abney's motions to vacate, set aside or correct his sentence under 28 U.S.C. § 2255 [Record Nos. 73 and 77] are **DENIED.**

2. The Magistrate Judge's Report and Recommendation [Record No. 89] is **ADOPTED** and **INCORPORATED** herein, by reference.

3. Defendant Abney's objections [Record No. 91] are **OVERRULED.**

4. A Certificate of Appealability will not issue.

Dated: December 10, 2024.

Danny C. Reeves, Chief Judge
United States District Court
Eastern District of Kentucky